UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23898-CIV-ALTONAGA/White

ANNA CASTILLO,

    Petitioner,
vs.

KENNETH S. TUCKER,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Respondent's Motion for Stay Pending Appeal ("Motion") [ECF No. 47], filed on June 4, 2012. By Order dated May 31, 2012 [ECF No. 45], the Court denied Respondent's motion [ECF No. 43] to alter the Court's judgment [ECF No. 41] that habeas relief be granted to Petitioner, Anna Castillo ("Petitioner" or "Castillo"), on one of the nineteen grounds she raised in her *pro se* Petition under 28 U.S.C. section 2254 for Writ of Habeas Corpus ("Petition") [ECF No. 1]. The Court ordered Petitioner be released from custody or be retried forthwith in accord with the Court's Order dated February 3, 2012 [ECF No. 41], and if retried, "[Petitioner's] trial must commence within thirty (30) days of the date of this Order." (Order dated May 31, 2012, at 15). Respondent now notifies the Court of its intent to file a notice of appeal of "this Court's order,"[1] and "requests that this Court stay its order[2]

---

[1] Although unspecified, it appears Respondent intends to appeal the May 31 Order.

[2] Although "order" is written in the singular, it appears Respondent requests that the Court stay both its May 31 Order, which modified the February 3 Order by granting the State of Florida until June 30, 2012 to retry Petitioner (*see* Mot. ¶ 3; *id.* ¶ 5 ("This additional 30-day frame [sic] will not allow appellate review unless this Court issues a stay.")), as well as the February 3 Order, which granted Petitioner habeas relief. (*See id.* 1 ("Respondent . . . moves this Court . . . for a stay of this Court's judgment granting Petitioner federal habeas relief regarding her convictions and sentences.")).

pending that appeal." (Mot. ¶ 3).

## I. LEGAL STANDARD

Respondent requests that the Court stay its judgment granting Petitioner federal habeas relief "pursuant to Fed. R. App. P. 8." (Mot. 1). The Federal Rules of Appellate Procedure, however, do not govern the Court's authority; rather, the Federal Rules of Civil Procedure do. Nonetheless, the Court observes that while the power of district courts and courts of appeals to stay an order pending appeal are controlled by different rules of procedure, the factors considered by both courts are generally the same:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing FED. R. CIV. P. 62(c)[3]; FED. R. APP. P. 8(a)[4]) (other citations omitted); *see also United States v. U.S. Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990) (quoting *Hilton*, 481 U.S. at 776); *Venus Lines Agency v. CVG Industria Venezolana de Aluminio, C.A.*, 210 F.3d 1309, 1313–14 (11th Cir. 2000) (citing *U.S. Fishing Vessel Maylin*, 130 F.R.D. at 686); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Jean v. Nelson*, 683 F.2d 1311, 1312 (11th Cir. 1982)) (other citation omitted).[5]

---

[3] "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c).

[4] "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal . . . ." FED. R. APP. P. 8(a)(1). "A motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges." *Id.* 8(a)(2).

[5] Although Respondent identifies additional factors for the Court to consider, "such as the possibility of

Case No. 10-23898-CIV-ALTONAGA/White

## II. ANALYSIS

As an initial matter, although Respondent has notified the Court he plans to appeal the Court's Order, nothing in the record indicates he has yet done so. In other words, no appeal is pending. Federal Rule of Civil Procedure 62(c) "contemplates a stay in the event of an actual appeal." *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 32 I.T.R.D. (BNA) 2226, 2010 Ct. Intl. Trade LEXIS 141, at *4 (Ct. Int'l Trade Dec. 17, 2010); *see also* FED. R. CIV. P. 62(c) ("*While an appeal is pending* from a[] . . . final judgment . . . the court may suspend, modify, restore, or grant an injunction . . . ." (emphasis added)). Despite the plain language of the rule, however, the Court notes that "[w]hen there is reason to believe that an appeal will be taken, there is no reason why the court should not make an order preserving the status quo during the expected appeal." 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2904 (2d ed. 1995). Thus, that there is presently no pending appeal does not bar the Court from reviewing the Motion in light of *Hilton*'s four-factor test.

"Ordinarily the first factor is the most important." *Garcia-Mir*, 781 F.2d at 1453. As to this factor, Respondent asserts that "[t]he likelihood of success on appeal does not require the State to convince this Court that its order is erroneous. Rather, that factor merely requires a showing that 'serious, substantial, and difficult' legal questions are presented." (Mot. ¶ 7 (citing *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996)). Respondent ignores, the

---

defendant's flight if released; the risk that the defendant may pose a danger to the community if released; the State's interest in continuing custody pending the appeal; and the prisoner's interest in release" (Mot. ¶ 4), Respondent fails to address these factors with respect to the particular facts of this case.

Case No. 10-23898-CIV-ALTONAGA/White

however, that in the Eleventh Circuit, the first factor indeed requires a determination that the trial court was clearly erroneous. *See Garcia-Mir*, 781 F.2d at 1453 ("A finding that the movant demonstrates a probable likelihood of success on the merits on appeal requires that we determine that the trial court below was clearly erroneous." (citing *In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982)). Here, Respondent does not state that the Court was clearly erroneous.

This does not compel the Court to deny the stay, however. The Eleventh Circuit recognizes that a movant — without demonstrating a probable likelihood of success on the merits — may have his motion granted "upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities identified in factors 2, 3, and 4 weighs *heavily* in favor of granting the stay.'" *Garcia-Mir*, 781 F.2d at 1453 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (internal brackets omitted and emphasis added)); *see also Hilton*, 481 U.S. at 778 ("Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.").

Yet, even if the Court were to agree Respondent has demonstrated a "substantial case on the merits," Respondent has failed to show the balance of the remaining factors "weighs heavily in favor of granting the stay." First, Respondent ignores the fourth factor — consideration of where the public interest lies. (*See* Mot. ¶ 8 (summarizing the reasons why a stay pending appeal should be granted without any reference to the fourth factor)). At most, then, the public interest factor rests at equipoise.

Case No. 10-23898-CIV-ALTONAGA/White

As to the third factor — whether issuance of the stay will substantially injure Petitioner — "the interest of the habeas petitioner in release pending appeal[] [is] always substantial." *Hilton*, 481 U.S. at 778. Indeed in this case, Respondent admits "Petitioner has currently served close to 8 years" of a ten-year minimum mandatory prison term and that "the possibility of prejudice to Petition[er] from a stay does exist." (Mot. ¶ 6). Certainly, by Respondent's own concession, this factor does not "weigh heavily in favor" of granting the stay, but rather tips against the stay, even if "the State [submits a] request to expedite the appeal in the Eleventh Circuit in order to mitigate any prejudice." (*Id.*).

The only remaining factor that might weigh in favor of Respondent's position is the second factor — whether Respondent will be irreparably injured absent a stay. In order to demonstrate a stay is warranted given that the other factors do not weigh in favor of a stay, Respondent must show that this factor significantly supports his position such that "the balance of the equities identified in factors 2, 3, and 4 weighs *heavily* in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453 (quotation omitted and emphasis added). Respondent asserts the additional thirty days granted to retry Petitioner "will not allow appellate review," and if the case were to be retried before appellate review is completed, the "State's appeal could become moot, or at a minimum would trigger difficult legal issues as to whether the result of a new trial or the result of the circuit appeal would prevail." (*Id.*).[6]

Respondent's position appears compelling, but without more, there is nothing upon

---

[6] Respondent notes that certain trial witnesses are international citizens. (*See* Mot. ¶ 5). However, Respondent does not explain how this fact will cause irreparable injury absent a stay. Indeed, Respondent does not identify which witnesses, nor how many, are no longer in the United States, nor why such witnesses may not testify by satellite just as one witness did previously from Berlin, Germany. (*See id.*).

Case No. 10-23898-CIV-ALTONAGA/White

which the Court can hang its hat. The "irreparable harm" posited by Respondent should a stay not be issued is his opportunity to have his appeal adjudicated. The Court observes, however, that even at the time Respondent filed his Motion, a stay by the Court was unnecessary for Respondent to concurrently comply with the Court's orders and preserve any appeal. That is, had Respondent released Petitioner from custody[7] before filing an appeal, the time constraints and issues of mootness complained of would not materialize.

To the extent Respondent contends the State has an interest in retaining custody of Petitioner (by way of electing to retry Petitioner) until the conclusion of appellate review, the Court agrees. Indeed, "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered" in determining whether a stay is appropriate. *Hilton*, 481 U.S. at 777. The Court observes that the State's interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* Given this standard, the State's interest here does not compel a stay be issued. As Respondent observes, Petitioner has already served eight years of a fifteen-year sentence, where the minimum term of imprisonment is ten years. This time served amounts to more than half of Petitioner's sentence, and more than eighty percent of her minimum prison term. Applying *Hilton*'s scale to the

---

[7] In the February 3, 2012 Order, the Court stated: "Petitioner shall be released from custody upon the issuance of the Writ unless the State of Florida elects to retry her within a reasonable period of time, not to exceed one hundred and twenty (120) days from the date of this Order." One hundred and twenty days from February 3, 2012 is Saturday, June 2, 2012, making the deadline for the State to either release or retry Petitioner Monday, June 4, 2012. *See* FED. R. CIV. P. 6(a)(1). The instant Motion was filed on June 4, 2012. Thus, even as of the date he filed his Motion, Respondent could have avoided the "harm" he asserts will be suffered. Nonetheless, the Court recognizes that as June 4, 2012 has since come and gone, a present release of Petitioner would not be in compliance with the Court's February 3 Order.

Case No. 10-23898-CIV-ALTONAGA/White

circumstances of this case, the Court finds that the State's interest,[8] although substantial, does not "weigh heavily" in favor of a stay when considered with the other factors.

Accordingly, the Court finds Respondent has failed to demonstrate a stay pending appeal is warranted. However, so that Respondent may seek an appeal without mootness or time constraint concerns, pursuant to Federal Rule of Civil Procedure 62(c), the Court modifies its May 31 Order to permit the State of Florida to release Petitioner from custody.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 47]** is **DENIED**.

2. The Order dated May 31, 2012 [ECF No. 45] is modified as follows:

    a. Should the State of Florida elect to retry Petitioner, Anna Castillo, such trial must commence within thirty (30) days of the date of this Order. Should the State opt not to retry Petitioner, the State shall release Petitioner from custody upon arriving at that decision, but no later than **June 27, 2012**.

    b. Respondent shall file a status report no later than **June 29, 2012** indicating whether Petitioner has been released from custody, or the date of Petitioner's new trial setting.

---

[8] *Hilton* lists other factors to be considered in assessing the State's interest. *See Hilton*, 481 U.S. 777. However, Respondent does not specifically address these factors. *See supra* n.5.

Case No. 10-23898-CIV-ALTONAGA/White

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of June, 2012.

                                                                              *[signature]*
                                                       **CECILIA M. ALTONAGA**
                                                       **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record